## Case No. 4,423.
### The ELVIRA.

## Case No. 4,424.
### The ELVIRA HARBECK.
[2 Blatchf. 336.] [1]

Circuit Court, S. D. New York.  Oct. 7, 1851. [2]

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]
[2] [Reversing Case No. 2,005.]

Erastus C. Benedict, for libellant.
Welcome R. Beebe, for claimants.

NELSON, Circuit Justice. There is no evidence that the libellant and her family took passage in the Elvira Harbeck or ever intended to take passage in her. On the contrary, their passage was taken in the Roscoe, on which ship they expected to have carried with them their personal effects; but they were disappointed, in consequence of the non-arrival of the goods in the cars from Aix-la-Chapelle, when the vessel sailed. It was then arranged with their agent to send the goods in some other vessel bound for the same port. But, even assuming that the libellant and her family had engaged their passage in the Elvira Harbeck, but changed their minds, and failed to complete the engagement, and took passage in another ship, sending their baggage, however, in the Elvira Harbeck, it by no means follows that the vessel is not entitled to freight, or that the owners are to be regarded as gratuitous bailees, and to be held responsible only for gross neglect in the transportation of the goods. On the contrary, I cannot doubt that they would be entitled to reasonable freight-money, and to a lien on the goods until it should be paid.

In cases where the passenger accompanies his baggage, the fare charged for his passage includes compensation for its transportation, and the carrier becomes responsible for its safe delivery. If the passenger does not accompany it, the carrier may claim compensation in advance for its transportation, or may postpone his claim till the delivery and rely on his lien or on the personal responsibility of the owner. And I do not see why the rule of responsibility for the safe-keeping and delivery should not be the same in both cases. The actual payment of the freight in the one case, and the actual lia-

bility and lien for its payment in the other, constitute the consideration for the undertaking.

But it is sufficient to say, in this case, that the proofs show an independent shipment of the goods in question, unconnected with the owner as a passenger. The case is one, therefore, of the ordinary shipment of goods. The words "personal goods," in pencil-marks, upon the margin of the receipt—when put on, does not appear—cannot alter the nature of the undertaking. . They do not exempt the owner of the goods from freight or the ship from responsibility. At most, they are but a description of the character of the goods put on board.

I think that the libellant is entitled to recover, and must, therefore, reverse the decree below, and refer the case to the clerk, to report the value of the property lost.