ELLEN WILSON *versus* THE GRAND TRUNK RAILWAY OF CANADA.

The fare paid by a passenger over a railroad is the compensation for his carriage and for the transportation, at the same time, of such baggage as he may require and have for his personal convenience and necessity, during his journey.

Baggage subsequently forwarded by his direction, in the absence of any special agreement with, or negligence on the part of the carrier, is liable like any article of merchandise to the payment of the usual freight.

ON EXCEPTIONS to the ruling of GODDARD, J., of the Superior Court.

The verdict was for the plaintiff, and the defendants alleged exceptions to the rulings, which appear in the opinion, together with a sufficient statement of the material facts in the case.

*P. Barnes*, for the defendants.

*Shepley & Strout*, for the plaintiff, cited *Logan* v. *Pontchartrain Railroad Co.*, 11 Rob., (La.,) 24; Redfield on Railways, 244.

APPLETON, C. J.—The plaintiff was a passenger on board the defendants' cars, having seasonably paid her fare. Her baggage was not with her, it having been left behind, without fault of the defendants. Some two or three days afterwards it was left in charge of their servants, to be transported to the Empire station on their line, but it never reached its place of destination. This suit is brought to recover the value of the baggage lost.

The presiding Justice instructed the jury, "that, if they should find that the plaintiff went on board the defendants' road as a passenger, on Tuesday preceding, without baggage, and that the trunk and its contents were ordinary personal baggage, such as a passenger would be entitled to take with himself without extra charge, it was not necessary that there should be proof that anything was paid for carrying the trunk between the same points ; that the price paid by the plaintiff, for her own passage, and the evidence in the case, if found to be true, were sufficient consideration for the promise alleged in the writ."

As the plaintiff's trunk was taken for transportation some days after she had passed over the defendants' road, the substance of the charge of the presiding Judge was, that the price paid for the plaintiff's ticket included the compensation due to the defendants for their subsequent transportation of her trunk, the trunk being personal baggage. In other words, it was not necessary that the baggage of the passenger should go with the passenger, but, it might be afterwards subsequently and without any additional charge for its freight.

The fare for the passenger includes compensation for the carriage of his baggage, as to which the carriers of passengers are to be regarded as common carriers. There need be no distinct contract for the carriage of the baggage. The fare covers the compensation for the freight of the baggage. The baggage must be ordinary baggage, such as a traveller takes with him for his personal comfort, convenience or pleasure for the journey. It must be the " ordinary luggage" of a traveller, regard being had to the journey proposed.

It is implied in the contract that the baggage and the passenger go together. " The general habits and wants of mankind," observes ERLE, C. J., in *Phelps* v. *L. & N. W. Railway Co.*, 115 E. C. L., 327, "must be taken to be in the mind of a carrier when he receives a passenger for conveyance ; and the law makes him responsible for all such

things as may be fairly carried by the passenger for his personal use." In *Cahill* v. *L. & N. W. Railway Co.*, 100 E. C. L., 172, WILLES, J., says, "When a passenger takes a ticket at the ordinary charge, he must, according to common sense and common experience, be taken to contract with the railway company for the carriage of himself and his personal luggage only; and that he can no more extend the contract to the conveyance of a single package of merchandize than of his entire worldly possessions." In *Smith* v. *Railroad*, 44 N. H., 330, BELLOWS, J., uses the following language:—"Until a comparatively recent period the English courts were inclined to hold that carriers of passengers by stage coaches, and otherwise, were not liable for injuries to their baggage, unless a distinct price was paid for its transportation. But it is now well settled that the price paid for the passenger includes also the personal baggage required for his personal accommodation; the custody of the baggage being regarded as accessary to the principal contract. * * In general terms it may include, not only his personal apparel, but other conveniences for the journey, such as a passenger usually has with him for his personal accommodation." "The baggage," observes MULLIN, J., in *Merrill* v. *Grinnell*, 30 N. Y., 619, "must be such as is necessary for the particular journey that the passenger is, at the time of the employment of the carrier, actually making."

It follows from the nature and object of the contract, that the right of the passenger is limited to the baggage required for his pleasure, convenience and necessity during the journey. As it is for his use and convenience, it must necessarily be with him, as it is for him. He may reasonably be expected to exercise some supervision over it during, and be ready to receive it, at the termination of his journey. In the present case the baggage was forwarded two days after the plaintiff had passed over the road. If its transmission may be delayed two days and the carrier is required to take it without any compensation save the fare paid by the passenger, who had preceded it, it may equally be de-

layed weeks or months and the carrier be required to forward it without any additional pay. It presents a different question if the delay is caused by the fault of the carrier, or there is a special agreement with him or his authorized agent for the subsequent transportation of the passenger's baggage.

The fare paid by a passenger over a railroad, is the compensation for his carriage, for the transportation at the same time of such baggage as he may require for his personal convenience and necessity during his journey. Baggage subsequently forwarded by his direction, in the absence of any special agreement with the carrier, or of negligence on his part, is liable, like any other article of merchandize, to the payment of the usual freight.

The declaration is in the usual form against carriers. It is well settled that the carrier need not be paid in advance, unless he specially demand it, and that he has a lien on the goods carried for his freight. It is not necessary to determine whether or not the defendants would be liable for the trunk as common carriers of merchandize for compensation. The case, as presented to the jury and as argued before us, raises the single question of the obligation of the carrier of passengers to take their baggage at a time subsequent to that of the carriage of the passenger, without additional compensation.                    *Exceptions sustained.*

KENT, DICKERSON, BARROWS, DANFORTH and TAPLEY, JJ., concurred.