### DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

#### OF THE

## STATE OF NEW JERSEY,

### MARCH TERM, 1898.

---

ELMER RUNYAN, PLAINTIFF IN ERROR, v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, DEFENDANT IN ERROR.

| 61 | 537 |
| s64 | 68 |
| 64 | 69 |
| 61 | 537 |
| s64 | 67 |
| s65 | 229 |
| 61 | 537 |
| 66 | 384 |

1. Upon a ticket delivered by a common carrier of passengers to one of its passengers, upon the payment of his fare, was printed "Good for one continuous passage in either direction between New York and Elizabeth, N. J. No stop-off allowed. Free transportation allowed for 150 lbs. baggage (wearing apparel) only, and company's liability expressly limited to $1 per lb." *Held*, that the reference to baggage was notice of the limit of accommodation and responsibility, upon the part of the carrier, the passenger might have with respect to baggage committed to the custody of the carrier, and did not restrict or in any way affect the common law right of the passenger to carry personal baggage with him.

2. The common law right of such a passenger is to take with him his personal baggage appropriate to the journey and its object—that is, not only wearing apparel for use and ornament, but other articles, all within reasonable limit, the use of which is personal to him during his journey and in accomplishing its purposes.

3. If a common carrier of passengers for a long time acquiesces in and makes accommodation for the carriage of small packages of merchan-

dise of its passengers in its passenger cars as personal baggage, so as to lead the passengers to accept and rely upon its attitude in that respect as one of its regulations, it can resume its rights under the law only after reasonable notice of its rescission of the regulation so made.

4. A passenger refused admission to such a carrier's cars, because he proposed to take with him a small package of merchandise, may put in evidence the regulation aforesaid as a step in his proofs, upon suit brought on account of such refusal of admission.

[*Argued March 1st,* 1898; *decided June 20th,* 1898.]

On error to the Union County Circuit Court.

The plaintiff in error was the plaintiff below. The case was tried in the Circuit Court before Mr. Justice Van Syckel and a jury, and the plaintiff was nonsuited, and he now assigns error in that nonsuit and in the overruling of two questions at the trial, to which reference will presently be made.

The facts in proof are as follows:

Elmer Runyan, a resident of the city of Elizabeth and the president and treasurer of a nursery company there, on the 30th of December, 1896, went to New York city on the railway of the defendant, a common carrier of passengers. He paid the fare demanded by the defendant's ticket agent for an excursion trip to New York and return, and received from that agent a ticket in two parts. The part concerned in this inquiry was denominated the " return coupon " and contained these announcements: " Good for one continuous passage in either direction between New York and Elizabeth, N. J. No stop-off allowed. Free transportation allowed for 150 lbs. baggage (wearing apparel) only, and company's liability expressly limited to $1 per lb."

When he started on his journey it was wet and he wore a pair of rubber shoes. It does not appear whether or not he took any baggage with him from Elizabeth. In New York he purchased ten pounds of nails. The purpose of this purchase does not appear. Between five and six o'clock in the evening he had with him a satchel, containing a pair of gloves

and some catalogues and papers pertaining to his business, which had been in use by him, and also two small packages, one of which contained the nails he had purchased and the other a letter file and the rubber shoes he had worn from Elizabeth in the morning.

At the ferry-house he exhibited to the gatekeeper his "return coupon." It does not appear that the gatekeeper saw the satchel and bundles. The coupon was punched by the gatekeeper, and he was permitted to pass upon the ferryboat and cross the river on it without interference, to the defendant's train-shed, where, as he was about to pass through a gate to the cars for Elizabeth, the defendant's agent refused to permit him to enter with his satchel and packages. Retaining the bundles, after some delay, he walked along the defendant's tracks a mile or more, to another station of defendant, called Communipaw, followed by the defendant's agents, and there paid the proper fare to the defendant's ticket agent for his transportation from Communipaw to Newark, and received a ticket containing these notices: "Good for one passage from Communipaw, N. J., to Newark, N. J., on a continuous train. Only 150 lbs. baggage (wearing apparel) allowed each passenger. Company's responsibility for baggage limited to $1 per lb. unless special agreement be made." Shortly thereafter he attempted to enter a proper train from Communipaw to Newark, and because he still retained his satchel and packages, was refused admission, and forced by the defendant's agents from the steps of the car. He then paid another fare to the defendant's ticket agent for his transportation from Communipaw to Elizabeth, and received a ticket containing these announcements: "Good for one continuous passage in either direction between Communipaw, N. J., and Elizabeth, N. J. No stop-off allowed. Only 150 lbs. baggage (wearing apparel) allowed each passenger. Company's responsibility for baggage limited to $1 per lb. unless special agreement be made." Thereupon he offered his satchel to the defendant's baggage master at Communipaw and asked that it be checked as baggage to Elizabeth. He was asked to tell

what it contained, but refused to do so. The satchel, how-
ever, was duly checked and taken in charge by the defendant
and ultimately carried by it to Elizabeth. The plaintiff
retained the two packages and attempted to enter a proper
train of cars for Elizabeth, but was prevented by the defend-
ant's agents from so doing because he had the packages with
him.

The plaintiff declares, in several counts, upon the contracts
for transportation evidenced by the three tickets above men-
tioned, and alleges, as the breaches of the contracts, refusal
to transport him with baggage.

His insistence is that it was his right, under the circum-
stances of the case, to be transported together with the satchel
and packages he had, which he kept in his possession and
proposed to retain during his journey.

During his examination at the trial he was asked by his
counsel these questions, which were objected to by the defend-
ant's counsel and overruled by the trial court:

"*Q*. Had you been accustomed to travel between Elizabeth
and New York?

"*Q*. Do you know whether or not the cars—passenger
cars on the Central railroad, running between New York and
Elizabeth—have any provision for small packages in connec-
tion with the seats?"

For the plaintiff in error, *Robert H. McCarter.*

For the defendant in error, *William H. Corbin.*

The opinion of the court was delivered by

THE CHANCELLOR. It does not appear that either of the
three tickets held by the plaintiff purported to be an agree-
ment between him and the company. Each was simply a
receipt or token that the holder was entitled to transportation
between given stations according to the contract the law made
between him and the carrier upon his paying the lawful fare,
which contained notices of regulations of the carrier to the

effect that the passage should be continuous, and that the holder might have transported, without additional charge, one hundred and fifty pounds of wearing apparel under limited responsibility upon the part of the defendant. We do not understand that this last stated regulation is designed to restrict or in any way affect the common law right of the passenger to carry personal baggage with him. We deem it to simply state the extent of accommodation the passenger might have with respect to baggage committed to the custody of the defendant. The notice is not couched in the language of an agreement that it shall be a substitute for the passenger's common law right and nothing in the case discloses that the plaintiff saw it and accepted it as such substitute. We then deem the plaintiff to have been a traveler with the rights which the law accords.

He was entitled to take with him for use his personal baggage appropriate to the journey and its object—that is, not only wearing apparel for use and ornament, but also other articles, all within reasonable limit, the use of which was personal to him during his journey, and in accomplishing its purposes. To illustrate the character of such articles, other than wearing apparel, it is settled that a sportsman journeying for sport may take his gun case or fishing apparatus (*Hawkins* v. *Hoffman*, 6 *Hill* 586); an artist may take his easel when he is on a sketching tour (*Merrill* v. *Grinnell*, 30 *N. Y.* 594); a surgeon traveling with troops may take his surgical instruments (*Hannibal Railroad* v. *Swift*, 79 *U. S.* 262), and a student in pursuit of study may take his needed books and manuscripts (*Hopkins* v. *Westcott*, 6 *Blatchf.* 64). But the plaintiff could not take with him as personal baggage mere merchandise, the use of which was not personal to him in accomplishing the purpose of the journey (*Collins* v. *Boston and Maine Railroad*, 10 *Cush.* 506; *Hawkins* v. *Hoffman*, 6 *Hill* 586; *Stimson* v. *Connecticut River Railroad Co.*, 98 *Mass.* 83; *Humphreys* v. *Perry*, 148 *U. S.* 627; *Railroad Company* v. *Fraloff*, 100 *U. S.* 24; *Belfast Railway Co.* v. *Keys*, 9 *H. L. Cas.* 556), nor

articles intended for use at his permanent abode, disconnected
with his personal use during the journey, or in accomplishing
its purposes (*Macrow* v. *Great Western Railway Co.*, *L. R.*,
6 *Q. B.* 612).

In the case considered it is deemed that the plaintiff's rub-
bers and gloves, and, as well, the catalogues and memoranda
carried for the business purposes of the journey (*Staub* v.
*Kendrick*, 6 *L. R. A.* 619, 121 *Ind.* 226) were personal bag-
gage, but that inasmuch as neither the nails nor the letter
file appear to have had any connection with the personal use
of the plaintiff upon the journey or in the accomplishment
of its purpose or to be appropriate therefor, we deem that
they cannot be regarded as personal baggage.    The nails
were purchased immediately prior to the plaintiff's return to
Elizabeth, under circumstances which make it quite plain
that they could have been carried only for uses not personal
to the plaintiff either during his journey or in furtherance of
its purposes.

But it is insisted for the plaintiff that at the trial he offered
to show that the defendant had, by long-continued acquiescence
in and provision in its passenger cars for the carriage of small
packages of merchandise by its passengers, established as one
of its regulations that such parcels might be carried as per-
sonal baggage, to the end that he might urge that such regu-
lation gave him a right to carry the parcels in question until,
at least, he should have timely notice of the discontinuance
of the regulation, and that such offer was overruled erron-
eously.    This offer, it is claimed, is embodied in the two ques-
tions overruled.

It is deemed that the questions, though introductory, do
with sufficient clearness embody the offer.    The trial judge
does not appear to have had doubt as to their purpose, other-
wise he would have called upon counsel to state it.    And we
think also, if the defendant company had, previous to the
denial of admission of the plaintiff to their cars complained
of, for a long time acquiesced in and made accommodation
for the carriage of small packages of merchandise of its pas-

sengers as personal baggage, so as to lead them to accept and rely upon its attitude in that respect as one of its regulations, that it could resume its right under the law only after reasonable notice of its rescission of the regulation so made. It could not suddenly enforce the right resumed against passengers who were in good faith traveling in reliance upon the previous regulation without reasonable notice, and ignorant of, and unprepared for any change in it.

We think that the questions asked were admissible as a step in the plaintiff's proofs, and were wrongly overruled, and for that reason that the judgment should be reversed.

*For affirmance* — DEPUE, GUMMERE, HENDRICKSON, NIXON.  4.

*For reversal*—THE CHANCELLOR, COLLINS, DIXON, GARRISON, LIPPINCOTT, LUDLOW, ADAMS, BOGERT, VREDENBURGH.  9.