ELMER RUNYAN, DEFENDANT IN ERROR, v. CENTRAL RAILROAD COMPANY OF NEW JERSEY, PLAINTIFF IN ERROR.

Argued June 20, 1900—Decided November 19, 1900.

1. The evidence of usage presented in this case was sufficient to support a verdict that the defendant company, a common carrier, had adopted a rule that passengers might carry with them in the passenger cars their small parcels of merchandise.
2. Notice that passengers would not be allowed to act as express messengers was not inconsistent with that rule.
3. A trial judge is not required to charge whether part of a group of circumstances adduced to prove a fact is alone sufficient to establish the fact.
4. When a person has purchased a legal right to enter as a passenger the train of a common carrier, but is notified by an agent of the carrier that his right is denied, he may nevertheless make reasonable efforts *bona fide* to exercise his right, and physical resistance interposed by the carrier's agents to such efforts will constitute a tort, and in an action therefor the indignity as well as the personal violence may be considered by the jury as an element of compensatory damages.

In tort.   On error to the Supreme Court.   The cause was tried at the Union Circuit, before Hon. B. A. Vail, sitting as a Circuit judge, and a jury, at the January Term, 1900, and a verdict of $1,100 rendered for the plaintiff below.

For the plaintiff in error, *William H. Corbin.*

For the defendant in error, *Robert H. McCarter.*

The opinion of the court was delivered by

DIXON, J. This suit was brought against the defendant, as a common carrier of passengers, to recover damages for torts committed in preventing the plaintiff from taking passage upon the defendant's trains at Jersey City and Communipaw. The ground on which the defendant company sought to justify the hindrance was that the plaintiff was carrying in his hands packages containing a wooden letter-file and ten pounds of nails, which the company insisted should be sent by express or as freight. In reply the plaintiff contended that under the public regulations of the company he was entitled to take his goods with him in the passenger car.

Originally this litigation was in the form of an action on contract, which was before this court at March Term, 1898, when we held that the company might by its conduct establish such a regulation as the plaintiff set up, and that the regulation once made and published could be rescinded only after reasonable notice. *Runyan* v. *Central Railroad Co., 32 Vroom* 537.

Subsequently the suit on contract was discontinued, and the present action commenced, but a judgment obtained by the plaintiff was reversed in the Supreme Court because due proof of the regulation had not been adduced. *Runyan* v. *Central Railroad Co., 35 Vroom* 67. A second trial has resulted in the judgment for plaintiff now before us.

Numerous exceptions were taken at the trial, but it will suffice to notice in this opinion the points made in the brief of the defendant's counsel, whose skill is wont to leave no debatable proposition uncontested.

*First.* It is argued that no regulation permitting the free carriage of small parcels of merchandise in the possession of passengers was established; that the practice in that regard, shown by the testimony, consisted of mere acts of indulgence on the part of the company's employes, and did not afford legitimate evidence of a regulation made by the company.

So far as this contention is not met by the former decision of this court, we think it presented only questions of fact for the jury. Numerous witnesses testified that for many years

past passengers had been in the habit of taking into the cars, and keeping near them throughout their journey, all sorts of merchandise, sometimes in closed packages, sometimes ·in open receptacles, sometimes entirely uncovered, and that this common practice was never interfered with by the agents of the company unless the articles were so bulky as to incommode other persons.  This evidence formed a legal basis for an inference that the practice was known, not merely by the station and trainmen, but, also, by those to whom they were responsible—the officers and directors of the corporation— that the practice had the sanction of the company, and that the regulation relied on by the plaintiff really existed.

*Secondly.*  The defendant insists that notice of the rescission of this regulation was given to the plaintiff.  But we think the testimony afforded no evidence of such rescission.  The matter proved was that the plaintiff, and perhaps the public, were notified that persons would not be allowed to use the passenger cars for the purpose of carrying on an express business, but no attempt was made to interfere with the common practice of passengers in possession of their own parcels.  The objection to the plaintiff's entrance upon the cars arose wholly from a false suspicion that he was acting as an express messenger, a suspicion which he tried to dispel by repeated assertions that the packages were his own, and that he was acting for himself only, as at the trial the fact appeared to have been.

*Thirdly.*  The brief refers to the question whether the court or jury is the proper tribunal for passing upon the reasonableness of the alleged regulation.  But this question need not now be decided, for no request to submit the question to the jury was presented, and we see no cause to deny the reasonableness of a rule permitting travelers to carry into the trains small packages which do not disturb other persons.

. *Fourthly.*  It is urged that the trial judge should have charged as requested touching the effect of the plaintiff's violation of the rules of the company.  But if the regulation set up by the plaintiff was proved, then there was no evidence that the plaintiff had violated any rule, and the judge explicitly charged that if such regulation was not established,

the verdict must be for the defendant. Nothing further could be necessary or useful.

*Fifthly.* It is objected that the judge refused to charge the following request: "The racks which were placed in the cars being shown to have been made and used for personal baggage, no presumption arises that the company thereby invited their use for the carrying of merchandise."

The evidence did not show that these racks were used for personal baggage exclusively, and their common use for small packages of merchandise was one of the circumstances from which the plaintiff sought to have an inference drawn that they were provided for such packages as well as for baggage. But there were other circumstances to support such an inference, and a judge is not required to charge whether part of a group of incidents adduced to prove a fact is alone sufficient to establish the fact. *Consolidated Traction Co.* v. *Chenowith,* 32 *Vroom* 554.

The last point to be noticed relates to the measure of damages. The objections urged are that the judge permitted the jury to give the plaintiff damages for the indignity which he suffered by being excluded from the cars in the presence of many onlookers, and refused to charge that damages could not be awarded for the resistance made to plaintiff's efforts to board the train after notice that he could not enter.

The testimony tended to prove that the plaintiff had a ticket entitling him to ride from New York to Elizabeth; that with this he crossed the ferry to the Jersey City station, and then was forbidden by the defendant's agents to enter the cars with his packages; that nevertheless he attempted to walk through the gate to the cars, but found his passage blocked by the men, and then desisted. Shortly afterwards he walked to the Communipaw station and there bought from the company a ticket to Newark, and when a Newark train came along he quickly got upon the platform of one of the cars, but was knocked off by some of the company's employes at the station. He then hurried to another car where the conductor of the train endeavored to make room for him to board the train, but the others interfered and the train left

without him. He then bought of the company another ticket to Elizabeth, but when the train arrived, two or three policemen appearing, he refrained from further effort and departed.

Under the circumstances, we think the resistance made to the plaintiff and the indignity suffered by him were proper matters for consideration by the jury on the question of damages.

The verdict in favor of the plaintiff implies that he had a legal right to enter the company's trains with the packages in his hands, by virtue of the tickets which he had purchased. This right rested not merely on private contract, but on public law, which bound the defendant as a common carrier. The plaintiff was not necessarily obliged to forego his right because the company's agents told him to do so. He was entitled to make reasonable efforts to exercise his right, and if the jury determined that his conduct did not transgress the limit of reasonable effort, and was not *mala fide* for the purpose of provoking resistance or insult, then the wrong done could not be attributed to misbehavior on his part. The resistance interposed by the defendant's agents constituted a tort against the plaintiff's person, and, therefore, was actionable, and in such cases it is settled in this state that the accompanying indignity is a legitimate element of compensatory damages. *Allen* v. *Camden and Philadelphia Ferry Co.,* 17 *Vroom* 198; *Delaware, Lackawanna and Western Railroad Co.* v. *Walsh,* 18 *Id.* 548.

We find in the record no error calling for reversal of the judgment, and it is affirmed.

*For affirmance*—THE CHIEF JUSTICE, DIXON, GARRISON, COLLINS, FORT, BOGERT, VOORHEES.    7.

*For reversal*—THE CHANCELLOR, VAN SYCKEL, HENDRICKSON, VREDENBURGH.    4.