## WEBB v. ATLANTIC COAST LINE R. R. CO.

1. *Wehman* v. *Ry.*, 74 S. C., 296, and *Wesner & White* v *Ry.*, 71 S. C., 211, *distinguished from this case.*
2. AMENDING PLEADINGS.—After striking out parts of a complaint on motion of one party, Judge may change other words in the complaint so as to make the amended complaint consistent.
3. CARRIER—BAGGAGE—PUNITIVE DAMAGES.—Any willful or wanton failure to transport baggage with reasonable dispatch is not only a breach of contract, but a willful and wanton violation of a public duty and the party injured may recover punitive damages.
4. EVIDENCE—MERCANTILE BUSINESS.—It being generally known that there are seasons of activity and of inactivity in the wholesale mer-

cantile business, it is proper to admit evidence of the time of these two periods in action for damages for failure to transport sample trunks promptly, the carrier knowing that owner was a traveling salesman; but if admission of this evidence and of loss of sales to particular customers was error, it was harmless here.

5. CHARGE.—Statement by the Judge in passing on objection to evidence of things which defendant could not fail to infer from knowledge of other facts, is not prejudicial error.

6. PUNITIVE DAMAGES are recoverable for negligence so gross and reckless of consequences as to assume the nature of wantonness and willfulness.

7. CARRIER—BAGGAGE—PUNITIVE DAMAGES.—Three acts of omission on the part of three separate agents of a carrier within a short time and distance in handling one piece of baggage show such an indifference on the part of the carrier's agents as jury may infer therefrom wantonness and recklessness and give punitive damages for.

Before GARY, J., Clarendon, February, 1906.  Affirmed.

Action by W. Lester Webb against Atlantic Coast Line R. R. Co. on the following complaint:

The words inclosed in brackets are the parts the Circuit Judge refused to strike out on motion.

"The plaintiff above named, complaining of the above named defendant, alleges:

"I. That the defendant is, and was at the times hereinafter mentioned, a corporation and common carrier doing business under the laws of this State, and maintained depots for receiving passengers and baggage for transportation, at Florence and Manning, both in said State.

"II. That the plaintiff is a commercial traveler and sells dry goods and notions from a large house in the city of Richmond, in the State of Virginia; that the larger portion of his sales consists of dry goods, and that he carries with him from place to place, while on the road, for the purpose of selling goods, several large trunks, containing samples, which are necessary for him to have in the transaction of his business as a salesman of dry goods and notions aforesaid.

"III. That on the seventh day of February, A. D. 1905, the plaintiff, who was then at Florence, on one of his regular trips for the sale of goods, made application to defendant's baggage agent at Florence aforesaid, to check his baggage, consisting of several trunks and one telescope, containing his samples aforesaid, to Manning, on defendant's road; that he requested said agent to check his said baggage via Lanes, that being the quickest and most convenient route to go from Florence to Manning aforesaid; that he told said agent he was going to Manning by that route, by the first passenger train, and that the said agent knew that said trunks contained samples, and that it was necessary for him to have them along with him for the sale of goods in his regular business, and that any delay or damage to said sample trunks would cause him delay and damage in his business; that he paid said baggage agent the charges for the excess baggage over and above what he was entitled to carry by virtue of being a passenger, which the said agent accepted, and the said defendant company thereby contracted to give him quick and safe transportation of both himself and his baggage, and thereby became responsible for any loss, delay or damage to said baggage, and that the said agent gave him a certain baggage check, which read: 'Atlantic Coast Line Railroad Company, 293 via Lanes, Manning, 86739.'

"IV. That he boarded defendant's first regular passenger train leaving Florence and going to Lanes, and paying his regular fare went to Lanes; and the next morning he boarded defendant's regular passenger train passing Lanes and going to Manning, and paying his regular fare went to Manning.

"V. That when he arrived at Manning aforesaid, and presented his check to defendant's agent at said station, for the delivery of said baggage, defendant's agent at Manning did not deliver all of said baggage, and he was informed by said agent that all of said baggage had not arrived. Defendant through and by the gross negligence and gross

carelessness of its agents on its train or at its depots, and without regard to the urgency, the necessity or the importance of plaintiff having said baggage along with him (and in utter disregard of plaintiff's rights), had caused one of plaintiff's said sample trunks, the same being a large one, and the one containing all of his samples of dry goods, to be transported to, or carried and delayed at, some point unknown to the plaintiff (and through defendant's wanton and wilful negligence, carelessness and recklessness in not returning plaintiff's said trunk), the same was delayed and kept by the defendant several days, and not delivered to him until the 13th day of February.

"VI. That he made repeated applications to defendant's agent at Manning for his said trunk, containing all of his dry goods samples, to be delivered to him, which was not done, and he was forced to remain in Manning several days, and incur the expense of extra hotel bills (and was not able to sell any dry goods in consequence of said delay), and was prevented from proceeding on his regular business trip for several days [thereby causing him great annoyance and inconvenience, and causing him to lose much time and (from his) business], and to incur much expense, to his damage one hundred and fifty dollars.

"Wherefore, the plaintiff demands judgment against the defendant for the sum of one hundred and fifty dollars damages, and for costs."

From judgment for plaintiff, defendant appeals.

*Messrs. J. T. Barron* and *Wilson & DuRant,* for appellant, cite: *Punitive damages are not given for breach of contract in which there is no fraud:* 70 S. C., 108, 87; 20 S. C., 108. *Allegations as to remote speculative and special damages should have been stricken out, as there is no allegation that the circumstances and consequences were known to defendant:* 74 S. C., 296; 71 S. C., 211. *Evidence as to customers waiting for plaintiff was not admissible because no such allegation of special damages:* 31 S. C., 49; 74 S. C.,

296; 71 S. C., 82, 211. *Gross negligence in transporting baggage will not support punitive damages:* 60 S. C., 74; 62 S. C., 335; 54 S. C., 507. *Delay raises a mere presumption of negligence: Poulnot* v. *Tel. Co.,* 69 S. C.; *Hellams* v. *Tel. Co.,* 70 S. C. *An inference cannot be drawn from a presumption:* 48 S. E. R., 508.

*Mr. J. H. Lesesne,* contra, cites: *Striking out parts of pleadings is discretionary with trial Judge:* Code, 194; 26 S. E., 797; 49 S. E., 864; 27 S. E., 873. *The Continuing wrong of defendant in failing to deliver the trunk, after it found it, is more than even gross negligence:* 51 S. E., 699; 43 S. E., 968, 817; 40 S. E., 665; 7 Rich., 190. *Under allegations here, any evidence tending to show any general or direct damages which plaintiff suffered is competent:* 22 S. E., 779; 44 S. E., 79; 32 S. E., 567.

February 28, 1907. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiff, a traveling salesman, brought this action for damages, actual and punitive, alleged to have accrued from delay in the delivery of a trunk of sample dry goods, received by the defendant at Florence, S. C., as baggage to be carried to Manning, S. C., and recovered judgment for one hundred and twenty-five dollars.

On motion of the defendant, the Circuit Judge struck out certain allegations of the complaint as irrelevant and redundant, but refused to strike out other allegations, and this refusal is made the first ground of appeal. The allegations which the Circuit Judge refused to strike out are marked by brackets in the complaint as reported, but their significance as well as the point involved will be understood from the allegations themselves without setting out in detail here the connection in which they were used. They are: "and in utter disregard of plaintiff's rights," "and through defendant's wanton and wilful negligence, carelessness and recklessness in not returning plaintiff's said trunk," "and

was not able to sell any dry goods in consequence of the delay," "thereby causing him annoyance and inconvenience, and causing him to lose much time and business." There is no ground for the objection that these allegations related to damages, "special, remote and speculative," not in the contemplation of the parties when the trunk was checked. The complaint charges, "that the said agent knew that *said trunks contained samples,* and that it was necessary for him to have them along with him *for the sale of goods in his regular business,* and that any delay or damage to said sample trunks would cause him delay or damage in his business."

Knowledge of the trunk being a salesman's trunk of samples taken with him on a business trip included knowledge that delay in its delivery would result in interruption of his business and loss of time and custom. The case, therefore, falls entirely out of the principle of *Wehman* v. *Railway,* 74 S. C., 296, and *Wesner & White* v. *Railway,* 71 S. C., 211, 50 S. E., 78, 89.

In changing the words "and business" to "from his business" the Circuit Judge did nothing more than make the complaint consistent in all of its parts after certain portions had been stricken out.

The position that punitive damages cannot be recovered in an action of this sort is equally untenable. Cases like this stand on a very different footing from ordinary actions against a party owing no duty to the public for damages for a tort founded on contract—such for example as an action of deceit. The defendant is a public service corporation. Those having baggage to transport have no choice and must of necessity entrust it to a common carrier. The common carrier must take and transport it with reasonable dispatch, not only by reason of an express or implied contract to do so, but as a duty in the proper discharge of which the public is concerned. Hence, any wilful or wanton failure to transport baggage with reasonable dispatch is not only a breach of contract,

but a wilful and wanton violation of a public duty of great concern to the people at large. The injury liable to come to the public from the toleration of acts of wanton violence or wrong is perhaps the main basis for the allowance of punitive damages in any case. Few cases are to be found where punitive damages have been discussed or allowed for the wilful or wanton failure to deliver baggage, but we have found no case where they have been held not recoverable. *Cary* v. *Express Co.,* (Tex.) 40 S. W., 845; *Lyon* v. *Railway* (Pa.), 16 Atl., 607, 2 L. R. A., 489; *Sticker* v. *Leathers,* (Miss.) 13 L. R. A., 600.

The alleged errors in the admission of testimony furnish no sufficient basis for the reversal of the judgment. The plaintiff proved without objection his average yearly earnings and expenses, and interruption of his business for five days in consequence of the defendant's failure to deliver his trunk promptly. It is within the knowledge of all men that there are seasons of activity and of inactivity in all lines of wholesale mercantile business; and there could certainly be no reversible error in allowing the plaintiff to prove his two periods of activity, because knowledge by the defendant that the plaintiff was a traveling salesman imported knowledge of periods of activity in his business. It may be remarked in relation to this testimony, and also that introduced in the attempt to prove the loss of sales to particular customers, that any error in allowing it to be introduced seems harmless. The jury could not have based their verdict on the inability of the plaintiff to sell to either of the merchants mentioned by the plaintiff, for one of them afterwards purchased from the plaintiff, and the other was unable to say why he did not buy from him. As to actual damages, therefore, the inference seems fair the verdict must have rested on the general interruption of the plaintiff's business as a traveling salesman, and not on the failure to make particular sales.

In admitting the question, "How many times in the year, and about what time of the year do you usually pur-

chase your stocks of dry goods and notions?" The Circuit Judge said: "Well, this gentleman says he told them to check his sample trunks. They haul these gentlemen and their baggage day in and day out. Would it be stretching it too far to say that the railroad knows what they are traveling for? They are not traveling for their health, and paying excess baggage. I will let it come in." As we have already seen, the Circuit Judge in his remarks merely stated that which the defendant could not fail to infer from the fact that the plaintiff was traveling as salesman with a sample trunk. The exception on this point is without merit. *Willis* v. *Telegraph Co.,* 73 S. C., 383, 53 S. E., 639.

Exception is taken to the charge of the Circuit Judge to the effect that punitive damages might be allowed for the injury if it was the result of such gross carelessness as would amount to wantonness or to utter disregard of the plaintiff's rights. It is true, that punitive damages are not recoverable for gross negligence, *Watts* v. *Railway Co.,* 60 S. C., 74, 38 S. E., 240; but the language here used made it clear that the Circuit Judge was referring not to negligence merely gross, but to negligence so gross and reckless of consequences as to assume the nature of wantonness or wilfulness; and he was correct in saying this would warrant the recovery of punitive damages. *Proctor* v. *Ry. Co.,* 61 S. C., 189, 39 S. E., 351; *Boyd* v. *Ry. Co.,* 67 S. C., 218, 45 S. E., 186.

The close and important point in the case, which was made both by motion for nonsuit and request to charge is, whether there was any evidence of wantonness or wilfulness warranting submission to the jury of the cause of action for punitive damages. There was a delay of about four days in the transportation of the trunk from Florence to Manning, due to these acts and omissions of the defendant's agents which the defendant admitted to be negligent: The baggage agent on the train made the mistake of putting off the trunk at Lake City instead of at

Lanes, the junctional point, giving as an excuse that he had a very full car, a poor light, and no help in handling the baggage. The acting agent at Lake City, where the baggage was put off, either because of indifference or because he was not furnished adequate help to manage the business, failed to check up the baggage turned over to him by the regular agent who was temporarily absent; and so failed to discover the trunk that had been put off there by mistake. The agent at Lanes failed to check up his list, and hence did not discover the plaintiff's trunk was missing. One of these omissions to perform a known duty might be attributed to mere negligence, but three such acts or omissions in the short distance between Florence and Manning, tended to show an indifference on the part of the agents of the railroad company to the rights of those whose baggage it had undertaken to carry.

We yield ready assent to the view that punitive damages are in most cases to be allowed with great caution, because there is no measure for them more accurate than the jury's general sense of righteousness; and because such damages are often sought for purposes of speculation in reliance on expected favoritism of the jury. Hence, the testimony upon which they are claimed is scrutinized by courts with great care in consideration of motions for nonsuit or for the direction of a verdict. While this is a case very close to that line, often so difficult to distinguish between mere negligence and that indifference which shows a wanton disregard of private rights and public duty, we agree with the Circuit Judge, taking the testimony as a whole, there was warrant for the jury to find indifference to manifest duty from which it might infer wantonness or recklessness.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.