Civil action to recover damages for the loss of certain wearing apparel.
The plaintiff alleges that the defendant is liable as a carrier of baggage, and, if not, that the wearing apparel was lost by reason of the negligence of the defendant.
The defendant denies that the wearing apparel was ever delivered to it and also denies any liability to the plaintiff.
The plaintiff introduced evidence tending to prove that on 3 December, 1913, he bought a ticket of the Southern Railway Company and checked his suitcase from Goldsboro to Raleigh; that the wearing apparel was *Page 207 
in the suitcase at the time it was checked and delivered to the agent of the Southern Railway at Goldsboro; that the agent at (159) Goldsboro delivered it in the same condition to the baggage master of the Southern Railway train; that the baggage master delivered it in the same condition to the agent at the union depot station at Raleigh; that the plaintiff remained in Raleigh a sufficient length of time to have his suitcase rechecked to Henderson, where he intended to go; that on the night of 3 December he, the plaintiff, bought a ticket of the defendant, the Seaboard Railway, from Raleigh to Henderson, but did not have his suitcase checked; that he went to Henderson on this ticket, and on the morning of 4 December requested the agent of the defendant to have his suitcase brought from Raleigh to Henderson, which the defendant agreed to do upon learning that the plaintiff had traveled on the road of the defendant; that after the suitcase reached Raleigh it was placed in the baggage room used by the Southern Railway Company and the defendant, and in this baggage room there were two clerks and three porters; that the suitcase remained in the baggage room until the morning of 4 December, 1913, when it was carried to Henderson by the defendant in accordance with the agreement of its agent at Henderson; that it was there delivered to the plaintiff and the wearing apparel was not in it; that the wearing apparel was worth $50.
The defendant introduced evidence tending to prove that the wearing apparel was not in the suitcase at the time it was delivered to the defendant and that it was not negligent.
His Honor charged the jury, among other things, as follows:
"Now, when goods are shipped over a railroad, called common carrier, and the goods are damaged, the law presumes that the company in whose possession they were when the damage was discovered, that is, the last carrier, is to be responsible for the damage to the goods." The defendant excepted.
"Now, as I told you, the law presumes that the loss occurred by the negligence of the Seaboard, it being the company in whose possession the goods were lost." The defendant excepted.
"If you find from the evidence that the suitcase contained the two pairs of trousers, and they were lost, and that they were worth $50, and from the evidence that they were lost by the negligence of the defendant, you may answer the first issue `Yes,' the first issue being: `1. Was the property of the plaintiff lost by the negligence of the defendant, as alleged in the complaint?'"
The defendant excepted.
There was a verdict and judgment for the plaintiff, and the defendant excepted and appealed. *Page 208 
(160) The cause of action of the plaintiff is founded upon the allegation that the wearing apparel, which he contends was lost by the negligence of the defendant, the Seaboard Railway, was in the suitcase of the plaintiff at the time it was delivered to the defendant, and this allegation is denied.
This raised an issue for the determination of the jury, and the evidence of the plaintiff, circumstantial in character, is not so clear as to free the question from doubt and to withdraw it from the realm of debate.
The evidence tends to prove that the suitcase was carried from Goldsboro to Raleigh in the same condition in which it was delivered to the agent at Goldsboro, but that at Raleigh it was left unlocked in a baggage room in which there were two clerks and three porters, from about 7 o'clock of the evening of 3 December until the next day, when it was delivered to the defendant, and that it was only in the possession of the defendant from one to two hours, and upon this evidence the defendant might well contend that the loss was at Raleigh and not on its train or at Henderson.
It was therefore error for his Honor to assume in his charge that this fact was established, and to tell the jury that the loss occurred while the suitcase was in the possession of the defendant, which he did in the part of the charge excepted to when he said: "Now, as I told you, the law presumes that the loss occurred by the negligence of the Seaboard, it being the company in whose possession the goods were lost."
This entitles the defendant to a new trial; but as the question will necessarily be raised again, it is proper to consider the exception to the charge upon the burden of proof, and this cannot be done intelligently without dealing with the relation between the plaintiff and the defendant, and the degree of care imposed upon the latter, assuming the wearing apparel to have been in the suitcase when it was delivered to the defendant.
The plaintiff contends that it was a part of the contract at the time he bought his ticket at Raleigh for Henderson that the defendant would carry his baggage, and that the transportation of the baggage on the next day was in the performance of this contract, and that, therefore, the defendant is liable as a common carrier of baggage and is an insurer.
The position of the defendant, on the other hand, is that while the contract was to carry the baggage of the plaintiff, it was limited to the train upon which he traveled, and as the baggage did not go forward until the next day, and then for the accommodation of the plaintiff, that *Page 209 
its liability is that of a bailee without reward, and that there is no presumption of negligence upon proof of loss.
If the position of the plaintiff is sustained he is entitled to recover upon proof of delivery to the defendant and of a failure to deliver, and without proof of negligence, because a common carrier of goods and baggage is an insurer, and is liable for all injuries to and (161) loss of property being transported, unless the injury or loss is caused by the act of God, the public enemy, the negligence of the shipper, or by the inherent qualities of the goods, and the burden is on the carrier to bring itself within one of these exceptions. Harden v.R. R., 157 N.C. 249.
The correctness of the position depends upon the contract between the plaintiff and the defendant at the time he bought his ticket, and the authorities are practically unanimous that, while at common law and under our statute (Rev., sec. 2618) the passenger has the right to have baggage to a limited amount transported free of charge as a part of the consideration for the price of his ticket, the baggage must accompany the passenger on the same train, unless prevented by the default or negligence of the carrier.
If the passenger has checked his baggage in time to be transported with him, and this is not done, or if baggage is checked through over different lines and the connection is so close at some point that there is not time to transfer the baggage to the train taken by the passenger, or if for any cause within the control and supervision of the carrier the baggage is carried on another train, it retains its character as baggage and the carrier is liable as an insurer for loss or injury to it; but in the absence of one or the other of these conditions the carrier is relieved from liability as an insurer if the baggage is carried without additional compensation on another train at the request of the passenger.
If carried on another train for extra compensation it is liable as a carrier of freight.
The authorities declaring this to be the law are collected in the note toConheim v. R. R., 15 A. and E. Anno. Cases, 391, where the editor says: "The rule generally recognized is that a passenger who brings his baggage to the station within a reasonably sufficient time before the departure of the train he intends to take to permit of the baggage being checked and placed on board has the right to have it carried on the train he himself takes. Wald v. Pittsburg, etc., R. Co., 162 Ill. 545, 44 N.E. 888, 35 L.R.A., 356, 53 Am. St. Rep., 332; Toledo, etc., R. Co. v. Tapp,6 Ind. App. 304, 33 N.E. 462; Feltonv. Chicago G. W. R. Co., 86 Mo. App. 332; Glascov. New York Cen. R. Co., 36 Barb. (N. Y.), 557; Fairfax v. New YorkCen., etc. R. Co., 73 N.Y. 167, 29 Am. Rep., 119; Coward v. EastTennessee, etc., R. Co., 16 Lea (Tenn.), 225, *Page 210 
57 Am. Rep., 227. See, also, Chicago, etc., R. Co. v. Addizoat,17 Ill. App. 632; Runyan v. Central R. Co., 61 N.J. L., 537, 41 A. 367, 43 L.R.A., 284, 68 Am. St. Rep., 711; Webb v. Atlantic Coast Line R. Co.,76 S.C. 193, 11 Anno. Cases, 834, 56 S.E. 954, 9 L.R.A. (N.S.), 1218.
(162) "`It is implied in the contract (of carriage) that the baggage and the passenger go together.' Wilson v. Grand Trunk R. Co.,56 Me. 61, 96 Am. Dec., 435. `In the case at bar, when the appellant bought his tickets for a passage upon the limited express train and applied to have his baggage checked, there was an implied undertaking on the part of appellee that his baggage should go on the same train on which he took passage; and appellee was bound to send his baggage on the same train on which he went, unless the appellant gave some direction, or did something, or omitted to do something, which authorized appellee to send his baggage by some other train.' Wald v. Pittsburg, etc., R. Co., 1162 Ill. 553.
"The theory underlying the rule is, it seems, that the baggage which must be carried by the railroad company, without compensation beyond the passenger's fare, is such as is required for the necessity, convenience, or pleasure of the passenger, and consequently must accompany his person. SeeWilson v. Grand Trunk R. Co., 56 Me. 60, 96 Am. Dec., 435; Runyan v.Central R. Co., 61 N.J. L., 541, 41 A. 367, 43 L.R.A., 284, 68 Am. St. Rep., 711."
See, to the same effect, Wood v. R. R., (Me.) 99 A. D., 341, and extensive notes; Beers v. R. R., 67 Conn. 417; Marshall v. R. R.,126 Mich. 45; Gaffam v. R. R., 67 Me. 234; 3 Hutchison on Carriers, sec. 1274; 4 Elliott on Railroads, sec. 1656. Hutchison says: "The owner of the property must, of course, stand in the relation of passenger to the carrier in order to fix upon him liability as a carrier of baggage. The carriage isex vi termini incidental to the carriage of the owner as a passenger. If, therefore, that which would have been properly baggage had it been accompanied by the owner as a passenger should, by accident or mistake, be accepted by the carrier for transportation without being accompanied by the owner, and when he is not or does not become a passenger, the carrier would not have it in his custody in the character of baggage, and would not be responsible for it as such." And Elliott: "In the absence of anything to the contrary, the rule is that the implied contract to carry a passenger's baggage which arises from the purchase of a ticket is that the passenger and his baggage shall be transported on the same train. The purchase of a ticket usually entitles a passenger only to transportation for himself and his baggage on the same train, and nothing more." *Page 211 
This being the law, and the failure of the defendant to carry the suitcase on the same train with the plaintiff being due to his neglect in not having it checked when he had ample time to do so, and not to any omission of duty by the defendant, the contract between the plaintiff and the defendant was at an end when the plaintiff reached Henderson; and as the defendant transported the suitcase on the next day without compensation, its liability must be referred to the law of bailment.
This subject is fully discussed in the learned opinion of Justice (163)Walker in Hanes v. Shapiro, 168 N.C. 28, where, after classifying bailments into those (1) for the bailor's sole benefit, (2) for the bailee's sole benefit, (3) for the mutual benefit of the bailor and the bailee, he quotes Lord Holt in the leading case of Coggs v. Bernard
as to the diligence required in each class, that "In bailments for the sole benefit of the bailor, the bailee will be liable only for gross negligence; in bailments for the mutual benefit of both parties, he will be liable for ordinary negligence; in bailments for the exclusive benefit of the bailee he will be liable even for slight negligence"; and he adds, with reference to the terms "slight negligence," "gross negligence," "ordinary care": "Nevertheless, the terms `slight negligence,' `gross negligence,' and `ordinary negligence' are convenient terms to indicate the degree of care required; but in the last analysis the care required by the law is that of the man of ordinary prudence. This is the safest and best rule, and rids us of the technical and useless distinctions in regard to the subject."
Tested by this rule, the liability of the defendant is that of a bailee for the sole benefit of the bailor, a gratuitous bailee, and only answerable for gross negligence, which is the failure to exercise the care of a person of ordinary prudence undertaking to carry the goods of another without compensation.
If so, what must the plaintiff prove, in the first instance? Can he rest his case upon proof of delivery to the carrier, and that the carrier failed to deliver, or must he go further and offer affirmative evidence of some negligent act of the carrier?
If the first is the correct rule, it imposes no hardship on the carrier, because it is only called upon to explain its own conduct, and it has the evidence under its control, while the latter would in most cases be a denial to the owner of the opportunity to maintain his action, as he would have no means of showing the acts and care of the carrier during transportation.
The weight of modern authority is in favor of the position that proof of delivery to the carrier and of its failure to deliver is evidence of negligence sufficient to carry the case to the jury and to support a verdict, but that the jury ought to be instructed that the carrier is not liable if upon the whole evidence they do not find that it did not exercise the care of a *Page 212 
person of ordinary prudence under the circumstances. Bennett v. O'Brien,37 Ill. 250; R. R. v. Hughes, 94 Miss. 248; Higmon v. Cannady, 118 Ala. 267;Hawkins v. Haynes, 71 Ga. 43; Sheldon v. Robinson, 26 A. D., 726;Pratt v. Waddington (23 Ont. L. R.); 21 A. and E. Anno. Cases, 841, and extended note.
We quote from the note as follows: "The Mississippi Court said inYazoo, etc., R. Co., v. Hughes, 94 Miss. 242, 47 So. 663: `It appears that the ancient rule was that in all cases where a bailee was (164) sought to be held, no presumption of negligence arises on account of the loss of the goods, and the burden of proof is always on the plaintiff to establish that negligence was attributable to the bailee. But by the weight of modern authority this doctrine is substantially modified. It may now be said to be established that when a bailor shows that goods are delivered to his bailee in good condition, and are lost or destroyed or returned in a damaged condition, this fact creates a prima facie
presumption of negligence; and it thereupon devolves upon the bailee to absolve himself from negligence.' The rule is founded in necessity, and upon the consideration that a person who, from his situation, has peculiar if not exclusive knowledge of the facts, if they exist, is best able to prove them. Hackney v. Perry, 152 Ala. 626. Of course, the bailor or depositor must prove the bailment and a failure or refusal to return the property on demand. If a failure or refusal to return the property on demand is shown, it becomes incumbent upon the bailee or depositary to show satisfactory explanatory circumstances or facts in defense. Bates v. TheBank, 118 Idaho 435; Vogelsang v. Fredkyn, 153 Ill. App. 356; Sanford v.Kimball, 106 Me. 355."
This is the conclusion reached in Hanes v. Shapiro, 168 N.C. 31, where the Court says: "As has been seen, the obligation to redeliver or deliver over the property at the termination of the bailment on demand is an essential part of every bailment contract. If the bailee fails to do so, he is liable, unless he can show that his inability arises without fault on his part. There is considerable confusion among the decisions in regard to the burden of proof in cases where a bailee is sued for a loss or injury. A line of decisions hold that in cases founded on negligence the burden of proving it affirmatively rests on the plaintiff throughout, and that when a bailee is sued for a negligent loss or injury, mere proof of the loss or injury does not alone make a prima facie case. But the better opinion, supported by the weight of authority, holds that while the burden of proving negligence rests upon the plaintiff, and does not shift throughout the trial, the burden of proceeding does shift, and that where the plaintiff has shown that the plaintiff has received the property in good condition, and fails to return it, or returns it injured, he has made out aprima facie case of negligence." *Page 213 
Note that the language is that this rule prevails in "every bailment."
Expressions in Brick v. R. R., 145 N.C. 203, and in Kindley v. R. R.,151 N.C. 207, apparently in conflict with this view, are based on the facts of those cases which are unusual and extraordinary.
The burden of proof was not involved in either case. The Brick case was determined upon the ground that the facts developed were a fraud on the carrier, and in the Kindley case, all of the evidence being in, the court held there was no evidence of negligence.
We therefore conclude that his Honor was in error in dealing (165) with the liability of the defendant as a carrier of baggage as such, but that there was evidence for the consideration of the jury.
New trial.
Cited: Trustees v. Banking Co., 182 N.C. 303 (2c); Troxler v. Bevill,215 N.C. 643, 644 (1p); Merchant v. Lassiter, 224 N.C. 346 (3c); CigarCo. v. Garner, 229 N.C. 174 (3c).