### 8348

### OSTEEN v. ATLANTIC COAST LINE R. R.

1. APPEAL.—Refusal to strike out irrelevant allegations is not appealable for the reason that the trial Judge is in better position to comprehend the issues and to restrict the evidence to those properly arising and appeal lies from his rulings.

2. EVIDENCE—CARRIER—FREIGHT.—In an action for actual and punitive damages for injury to a horse in shipping, the shipper may testify as to the instructions he gave carrier's agent when shipping, the whole conversation, and to treatment of another horse on another occasion.

3. APPEAL.—The record must show that appellant stated an objection to the evidence; that the Court ruled on it; that the testimony was admissible; that it was material or could have in some way affected the verdict, to obtain consideration of the exception.

4. PUNITIVE DAMAGES.—THE INSTRUCTION complained of in the charge as to punitive damages for injury to a horse shipped contrary to instructions is not subject to the objection that it is not applicable to the facts of the case.

Before COPES, J., Sumter, November, 1911.    Affirmed.

Action by C. P. Osteen against Atlantic Coast Line Railway Company.   Defendant appeals.

*Messrs. L. W. McLemore* and *Mark Reynolds,* for appellant.   Oral argument.

*Mr. L. D. Jennings,* contra, cites: *Refusal to strike out allegations is not appealable:* 77 S. C. 443. *Admission of irrelevant testimony must be shown to have been material:* 63 S. C. 559. *Testimony is ample to sustain verdict for punitive damages:* 76 S. C. 193. *Carrier must show the cause of injury falls within exceptions in the bill of lading:* 26 S. C. 265; 56 S. C. 136.

October 28, 1912. The opinion of the Court was delivered by

MR. JUSTICE WATTS. This was an action by plaintiff against the defendant for actual and punitive damages for an alleged injury to a horse shipped by plaintiff over defendant's road from Sumter, South Carolina, to Robbins, South Carolina, the defendant being charged with causing the injury by careless, reckless, wilful and wanton manner, in which it acted in the shipment and care of the horse. The amount sued for was $1,999.

The cause was tried before his Honor, Judge Copes, and a jury in November, 1911. The jury awarded $100 actual damages and $600 punitive damages. On motion, the Judge granted a new trial unless the plaintiff remitted $600 upon the record. This the plaintiff did and defendants appealed upon eight allegations of error. At the hearing of the case by this Court, appellants withdrew the seventh and eighth exceptions.

The first exception is: 1. "Because his Honor erred in refusing appellant's motion to strike out from the third paragraph of the complaint the following: 'Because he had one shipped that way before, in violation of his instructions to ship it on a through freight, and same was on the road an unreasonable length of time and was very roughly handled and was damaged a great deal.' "

Mr. Justice Woods, in *Harbert* v. *Ry. Co.,* 74 S. C., 116, 53 S. E. 1001, after quoting sec. 11, subdivision 2, in part,

uses this language: "The omission to provide for appeal from an order refusing to strike out is significant and there was good reason for it. If the Circuit Court errs in striking out any material allegations of a good cause of action or good defense it is impossible to remedy it in the course of the trial, because the evidence and issues submitted to the jury cannot be extended beyond the issues made by the pleading and on appeal from the final judgment this Court could not say there was error of law in confining the evidence and charge to the pleadings. On the other hand, if the Circuit Court errs in refusing to strike out any pleading, or a portion of a pleading, as irrelevant, the error of submitting an irrelevant issue to the jury may be corrected on the appeal from the charge actually made or from refusal of requests to charge. This view of the matter impairs no substantial right and prevents multiplicity of useless appeals and the delays and inconvenience which would be incident thereto."

Here we see it is left in a measure to the sound discretion of the trial Judge. The trial Judge is not compelled to admit irrelevant and incompetent testimony in a cause even though a motion has been made and refused to strike out. When he has the pleadings and issues before him and is actually engaged in the trial, he can readily grasp and comprehend the issues and restrict the introduction of testimony only to the legitimate issues in the case.

An examination of the Judge's charge will show that he stated the issues to the jury correctly; that he submitted to them the damages, if any, that the defendant incurred in the shipment of the horse on March 20th, and no other shipment at any other time. He submitted no irrelevant issue to the jury in his charge and no requests were made to him by defendant to charge along this line.

This was an action for actual and punitive damages and the plaintiff had the right to testify as to what instructions

he gave defendant's agent when he arranged to ship the horse and give the whole conversation. We see no prejudicial error, either on the part of his Honor in refusing to strike out the allegations of the complaint, or in the admission of plaintiff's testimony in reference thereto. This exception is overruled.

The second exception is: "Because his Honor erred in allowing plaintiff, C. P. Osteen, over the objection of defendant, to testify that defendant had disregarded plaintiff's directions in reference to the shipment of another horse at another time, and further erred in allowing plaintiff to testify, over the objection of defendant, that the said horse had been mistreated by the defendant, notwithstanding defendant's objection and its motion to strike out said allegations."

This exception is overruled. Plaintiff had the right to detail in full the conversation he had with the defendant's agent in regard to the instructions he gave him when he shipped the horse on March 20th. The record fails to show that at the trial defendant stated any grounds of objection or that the Circuit Judge ruled on it and appellant has not shown that the testimony admitted was material or in any manner could have affected the verdict. *Hicks* v. *Ry.*, 63 S. C., 559, 41 S. E. 753.

The third and fourth exceptions complain that his Honor erred in not granting a *nonsuit* as to punitive damages at close of plaintiff's case, and in not directing a verdict for defendant as to punitive damages at the close of all the testimony in the case.

There was ample testimony to go to the jury on this issue and his Honor committed no error in submitting this issue to the jury. *Webb* v. *R. R.*, 76 S. C. 193, 56 S. E. 954, 9 L. R. A. (N. S.) 121. These exceptions are overruled.

The sixth exception is: "Because his Honor erred in charging the jury plaintiff's third request to charge which

was as follows: 'The jury is further instructed that if they find from the evidence that the defendant agreed to ship said horse, as alleged in the complaint, then I charge you that the plaintiff had a right to have it so shipped, and if you should find that it was not so shipped, and that the failure on the part of defendant was a wanton, wilful or malicious violation of this right of the plaintiff, then you should award punitive damages, not as a matter of discretion, but as a matter of right, as such damages are not only given as a punishment to the wrong-doer, but also as compensation to the person injured.' Whereas, this proposition was not applicable to the facts of the case, as there was no testimony whatever on the part of the plaintiff that the horse was not shipped as requested on a through freight, the entire testimony showing unavoidable delay in the shipment, and no wrongdoing or conscious violation of any right of the plaintiff on the part of defendant's agents."

By reference to his Honor's charge, it will be seen that he modified this request by striking out the words "but also as compensation to the person injured" and substituting in the place thereof the following, "in vindication of a private right wrongfully invaded." An examination of the testimony will show that the law charged was applicable to the facts.

If appellant desired the Circuit Judge to charge more fully on this line, requests should have been presented to that effect. *Machine Co.* v. *Browning,* 70 S. C. 160, *McCarty* v. *Insurance Co.,* 81 S. C. 161, 62 S. E. 1.

This exception is overruled.

Judgment affirmed.

MR. JUSTICE WOODS *did not sit in this case.*