## 8717

### SHERWOOD v. McLAURIN.

1. PLEADINGS—DEBTOR AND CREDITOR.—The complaint in this action construed to be a creditor's bill to call in creditors, sell land, pay debts, and divide the remainder. A party defendant has the right to set up in said action and collect a debt due her by the deceased.

2. APPEAL.—A Circuit order reversing an order of a special referee striking out parts of an answer as irrelevant and restoring the allegations is not appealable.—*Dicta.*

Before GAGE, J., Marlboro, May, 1913. Affirmed.

Action by T. C. Sherwood and J. C. Cottingham, exors. of James S. LeGette, against E. A. McLaurin *et al.* Plaintiffs appeal.

*Messrs. D. D. McColl, Jr.*, and *Gibson, Muller & Tison*, for appellants. *Mr. McColl* cites: *Motion did not come too late:* 68 S. C. 297; 5 S. C. 351; 18 S. C. 479. *Allegations irrelevant:* 50 S. C. 67.

*Mr. J. K. Owens,* contra.

January 13, 1914. The opinion of the Court was delivered by

MR. JUSTICE WATTS. This is an appeal from an order of his Honor, Judge Gage, who reversed the report of W. M. Stevenson, Esq., special referee, by which he struck out part of the answer of Julia Markey filed by her in a suit brought by the appellants as executors, etc., of James S. LeGette, deceased, against her and others as devisees and legatees under said will. The suit brought by the executors was to construe the will, sell land, to pay debts, etc. The answer of Julia Markey, among other things, set up a debt due her by the testator, James S. LeGette, deceased, and asked for judgment and payment of the same.

A motion was made before the special referee to strike out all of that part of the answer of Julia Markey which seeks to establish her claims against the estate on the ground that it was irrelevant. The special referee granted this, and upon exceptions filed to his report his Honor, Judge Gage, sustained the exceptions and reversed the ruling of referee and held that the complaint in the case was in effect a bill to call in creditors, sell land, to pay debts, and to divide any balance, if any, and that Julia Markey was made a party thereto and it was not only her right but her duty "to declare her whole mind." The plaintiffs appeal and challenge the correctness of this ruling and allege that he committed error of law in overruling the report of the referee. These exceptions are overruled.

An inspection of the complaint will show that his Honor placed the proper construction on it. It was a bill in effect pure and simple to marshal the estate of the deceased testator alleging an insufficient amount of personal property to pay debts; that suit had been commenced by one creditor and asking that creditors be called in to establish their claims and land be sold to aid personality

in paying the debts and a division, if any, of the balance. This is in substance the allegation of the complaint, and no doubt the learned and able lawyer who drafted it, Knox Livingstone, Esq., now deceased, intended it to be such, and we see no error in the order of his Honor in holding and deciding as he did. But we desire to call attention that when his Honor, Judge Gage, reversed the ruling of the referee in striking out part of the answer, in restoring the allegations of the answer, that this order is not appealable under the cases of *Harbert* v. *Ry. Co.,* 74 S. C. 116, 53 S. E. 1001, and *Osteen* v. R. R., 93 S. C. 62, 63, 76 S. E. 25.

Judgment affirmed.