### 10783

### GRINER v. COLUMBIA CREAMERY CO.

#### (110 S. E. 117)

1. MASTER AND SERVANT—ASSAULT BY SERVANT AS ACT WITHIN SCOPE OF AUTHORITY, QUESTION FOR JURY.—Under the facts developed in action for assault by defendant's servant, *held,* that it was a jury question whether the servant acted in the scope or apparent scope of his authority, or stepped aside to engage in a personal difficulty.

2. ASSAULT AND BATTERY—ALL DAMAGES FROM WRONGFUL ACT PROVABLE UNDER GENERAL ALLEGATIONS.—All damages from a wrongful act, as damages to business from inability to attend to it because of an assault, are provable under general allegations.

Before WILSON, J., Richland, December, 1920.     Reversed and new trial ordered.

Action by W. J. Griner against Columbia Creamery Co. From directed verdict for defendant the plaintiff appeals.

*Messrs. Moffatt & Marion,* for appellant, cite: *Principal is liable for acts of agent within apparent scope of his authority:* 37 S. C., 377; 58 S. C., 143; 65 S. C., 75; 67 S. C., 395; 69 S. C., 413; 76 S. C., 211; 77 S. C., 246; 3 S. C., 1; 94 S. E., 490. *Application of rule must depend upon facts of each case and is question for the jury:* 18 R. C. L., 795; 93 S. E., 202; 97 S. E., 210 (N. C.); 97 S. E., 812 (Va.); 45 L. R. A., 528; 64 N. Y., 129; 54 Mich., 73; 45 Mich., 63; 47 N. Y., 274; 157 N. C., 443; 33 S. W., 598; 9 L. R. A., (N. S.) 475; 161 N. C., 436; 165 N. C., 578; Wood Master & Servant, 540; 6 Labatt Master & Servant, Sec. 2275; 1 Jaggard Torts, 279; 106 S. E., 665 (N. C.) *Place where tort was committed as affecting the case:* 115 S. C., 433; 106 S. E., 493; 17 N. C., 592. *Damages directly due to wrongful act may be proven without alleging them:* 79 S. C., 372; 23 S. C., 282.

*Mr. R. B. Herbert,* for respondent, cites: *Principal not liable for acts of agent outside the scope of his employment:* 72 S. C., 205; 37 S. C., 198; 58 S. E., 608.

December 19, 1921.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

"This was an action commenced by plaintiff in April, 1920, for the recovery of damages upon the ground that plaintiff had been assaulted by employees of defendant at the place of business of defendant in the City of Columbia, on the 12th day of February, 1920. The case was tried before his Honor, John S. Wilson, presiding Judge, and a jury on December 20, 1920, and upon the close of plaintiff's testimony defendant's counsel moved for a nonsuit

and his Honor directed a verdict for the defendant upon the ground that the evidence showed that it was a personal difficulty betwen plaintiff and employees of the defendant, and that there was no proof that the employees were acting within the scope or apparent scope of their authority." Plaintiff appeals by the following exceptions:

"(1)    That his Honor, presiding Judge, erred in ruling, 'It seems to me that the evidence shows that this was a personal difficulty, and I do not think they have brought proof enough to show that either Gaillard or Ward was acting within the scope of their authority or apparent scope,' and in granting defendant's motion for a nonsuit on this ground for the reason that: ' (a)    There was testimony showing, or tending to show that the persons who committed the assault were acting within the scope or apparent scope of their authority as employees of defendant when the assault was committed, and this was a question of fact which should have been determined by the jury when all of the testimony in the case was put in; (b) that it appears from the testimony of plaintiff that the persons who committed the assault were at the time hereof employees of the defendant, and that said assault was committed for the purpose of regaining possession of defendant's property, and in the furtherance of defendant's interests, which testimony raised the presumption that the said employees were acting within the scope of their employment, which presumption it was incumbent upon the defendant to meet by introduction of proper testimony, and this question should have been submitted to the jury for its determination.

"(2)    That his Honor erred in refusing to allow the plaintiff to testify as to the damage to his business arising from said assault, for the reason that such damages or loss as he may have received by his inability to look after his business were natural and proximate results of the injuries inflicted upon him by defendant's employees, and such testimony was in response to the allegations of the complaint."

Exception 1 must be sustained under the facts as developed in the evidence in this case. It should have been submitted to the jury for their determination whether the servant acted in the scope or apparent scope of authority, or had stepped aside to engage in a personal difficulty, under proper instructions by the Court under the authorities of *Polatty v. C. & W. C. Railway,* 67 S. C., 391; 45 S. E., 932; 100 Am. St. Rep., 750. *Davenport v. C. & W. C. Railway,* 72 S. C., 205; 51 S. E,. 677; 110 Am. St. Rep., 598. *Osteen v. Cotton Mills,* 93 S. C., 61; 76 S. E., 25. *Buchanan v. Western Union Telegraph Co.,* 115 S. C., 433; 106 S. E., 159.

Exception 2 is sustained under the rule that all damages sustained that are the result directly or incidentally to a wrongful act may be proven without alleging them; and, under the general allegations of the complaint herein, plaintiff is entitled to prove his damages, if any.

Judgment reversed and new trial granted.