ROBINSON, ADMINISTRATRIX, *v.* STANDARD OIL COMPANY OF INDIANA.

[No. 13,455. Filed April 19, 1929.]

*Gavit, Hall, Smith & Gavit,* for appellant.
*Tinkham & Galvin,* for appellee.

NICHOLS, J.—Action by appellant against appellee to recover damages for the death of appellant's decedent, James Johnson, which death was alleged to be caused by the negligence of appellee.

Appellee's demurrer to appellant's second amended complaint was sustained, and, upon appellant's refusing to plead further, judgment was rendered in favor of appellee that appellant take nothing by her complaint. The error assigned is the action of the court in sustaining the demurrer to the second amended complaint. It is averred therein that, at the time appellant's decedent received his injuries, he was in a certain frail, frame building abutting on the east side of Virginia street in the city of Gary, which building was then used as a waiting room or passenger station by an electric railroad company then operating a high-speed electric railroad on a private right of way, and the tracks of which railroad ran in an easterly and westerly direction across said street and on the same grade; said Virginia street ran north and south across said railroad tracks at grade and was sixty feet wide and improved with a concrete sidewalk on either side thereof eight feet wide, and with a driveway between such sidewalks of hard-surface pavement; said waiting room was located at the east edge of the eastern-most of said sidewalks and about ten feet to the south of the eastbound track; said railroad was a double-track railroad and the eastbound trains were then operated over the south track; at the time appellant's decedent was so injured and during the time the automobile operated by appellee, through its servant,

was approaching said crossing, numerous persons were in and about said waiting room and on said sidewalk in front of and near the same, and numerous persons were then passing on said sidewalk, in plain view of the driver of the automobile; said street had been so improved with such sidewalk and hard-surface driveway for a period of two years prior to decedent's injury, and had been, during all said time, used by the public, including pedestrians on said sidewalk; on July 6, 1925, while appellant's decedent was so in said waiting room, appellee carelessly and negligently operated an automobile over said Virginia street, approaching said railroad crossing from the south, and while so doing, carelessly and negligently drove said automobile along said Virginia street onto the south, or eastbound, track, at a time when a train of cars was rapidly moving toward said Virginia street from the west, and when said train of cars was in plain view of the driver, for a sufficient time before said automobile was driven on said track that the driver and operator of said automobile might, by the exercise of reasonable care in looking along said track, have seen said train of cars so approaching, and have stopped said automobile so driven by him before the same ran on said railroad tracks; the said automobile was, while being so driven toward and onto said railroad tracks, driven by a servant of appellee as its employee, in the course of his employment; and said servant, so in charge of and driving said automobile while said train of cars was in plain view of him and approaching at the rate of forty miles per hour, carelessly and negligently continued to drive said automobile toward said east bound track and onto the same in front of said train of cars, at a time when said train was so near to the point where said automobile was crossing the track that it was impossible, at the rate of speed then maintained by said train, to drive said automobile across said tracks before said train would

strike the same, or to stop said train before it would strike it; while said automobile was so crossing said eastbound track and was within thirty feet of appellant's decedent and said waiting room in which appellant's decedent then was, said train did, by reason of such carelessness and negligence of appellee, strike said automobile so operated by appellee with such force as to throw the same to the eastward and slightly to the south against the waiting room in which appellant's said decedent then was, with such force as to crush and break the walls thereof and throw the boards and timbers comprising the same and said automobile against appellant's decedent with such force as to injure him and cause his death. That the injury and death of appellant's said decedent were proximately caused solely by the carelessness and negligence of appellee as above alleged; by reason of the death of said decedent, his children have been damaged in the sum of $10,000, for which appellant demands judgment.

Appellee presents by its demurrer that the negligence of its employee was shown at most to be a remote cause of the injury and death of appellant's decedent, and that the same was proximately caused by a responsible intervening agency; that the injury was not a probable or natural consequence of appellee's negligence, but that it was extraordinary, unnatural and unusual, and the consequences could not have been reasonably anticipated.

In *Coy* v. *Indianapolis Gas Co.* (1897), 146 Ind. 655, 664, 46 N. E. 17, the Supreme Court, quoting from Sutherland, Damages (2d ed.) §16, stated the rule to be that: "Whether the injurious consequences may have been 'reasonably expected' to have followed from the commission of the act is not at all determinative of the liability of the person who committed the act to respond to the person who suffered therefrom. It is the

unexpected rather than the expected that happens in the great majority of cases of negligence."

In *Bessler* v. *Laughlin* (1907), 168 Ind. 38, 41, 79 N. E. 1033, the Supreme Court, again quoting from Sutherlin, states that: "The law is practical and courts do not indulge in refinements and subtleties as to causation if they tend to defeat the claims of natural justice. They rather adopt the practical rule that the efficient and predominating cause in producing a given effect or result, though subordinate or dependent causes may have operated, must be looked to in determining the rights and liabilities of the parties."

There is no contention here that appellant's decedent was in any way chargeable with negligence that contributed to his death. He was sitting in the passenger depot, or waiting room, of the railroad where he had a right to be, and this building was located about ten feet south of the eastbound track of the railroad, in such a permanent location that it might reasonably be expected that any object, when placed on the railroad, and struck by a fast moving train might be thrown and projected against it. There is no claim that there was any negligence in the operation of the train, but appellee's employee, wholly disregarding the approach of the train and the peril in which he would be placed as well as those who might be in the line or direction in which his automobile would probably be thrown, drove heedlessly onto the track, and his automobile was struck and thrown just as he might reasonably have expected that it would be. Under such circumstances, the chain of causation was not broken by the operation of the train as an intervening agency, which operation and the result of a collision might have been foreseen, and the original negligence of appellee's employee must be treated as the proximate, and not the remote, cause of the accident. See *Sarber* v. *City of Indianapolis* (1920), 72 Ind. App.

594, 608, 126 N. E. 330. That case, on pages 600 and 601, states that: "It is settled that where several causes, dependent or independent of each other, all contribute to an injury, an action may, in a proper case, be founded on all or any of the causes . . . and that where two causes combine to produce an injury, both being proximate, one the result of negligence and the other an incident, as to which neither party is at fault, the negligent party is liable if the injury would not have happened but for such negligence."

In *Indianapolis Union R. Co.* v. *Waddington* (1907), 169 Ind. 448, 459, 82 N. E. 1030, the court, quoting with approval from an editorial note of the American State Reports, says, in substance, that where a person by his negligence produces a dangerous condition of things, which does not become active for mischief until another person has operated on it by the commission of another act, which might not unreasonably be anticipated to occur, the original act of negligence is then regarded as the proximate cause of the injury which finally results. The principle is, that the first act is regarded as being continuous in its operation up to the time of the second, and therefore for the purposes of fixing the defendant's liability, the two acts are treated as contemporaneous.

We hold that under the circumstances of this case, the negligence of appellee's employee was the proximate cause of the injury and death of appellant's decedent, and that appellee's demurrer to the complaint should have been overruled.

Reversed.

Remy, J., dissents.