MCINTOSH *v.* PENNSYLVANIA RAILROAD COMPANY.

[No. 16,538.   Filed December 22, 1941.   Rehearing denied
May 26, 1942.]

*Hodges, Ridgely & Davis,* of Gary, for appellant.

*Zollars & Teeple, Barrett, Barrett & McNagny, Leigh L. Hunt, Mentor Kraus,* and *J. A. Bruggeman,* all of Fort Wayne, for appellee.

CURTIS, J.—This was an action by the appellant for damages for personal injuries sustained by him by reason of being struck by parts of an automobile which was in collision with an engine of the appellee, the appellant at the time being a traveler on a public street of the City of Gary, Indiana.

The issues were formed by the complaint of the appellant, to which the appellee filed an answer in general denial. The cause was submitted to a jury and at the close of the appellant's evidence the trial court instructed the jury to return a verdict for the appellee, which was accordingly done. The judgment followed the verdict and was in accordance therewith. From that judgment this appeal has been prosecuted.

In due time the appellant filed a motion for new trial which was overruled. The only error assigned is the ruling on said motion which contains the following causes or grounds:

"1. The verdict is not sustained by sufficient evidence.
"2. The verdict is contrary to law.
"3. The sustaining of motion of Appellee for directed verdict.
"4. The giving of instruction No. I for directed verdict."

The complaint covers several pages of the brief, and we have not found it necessary for an understanding of this opinion to set it out in full. It charges among other things that the appellee railroad company operates its railroad through the City of Gary, and in so doing crosses a public highway known as Virginia street, which is now and has been for many years a paved public street within the corporate limits of said city, extending in a northerly and southerly direction, and is one of the principal thoroughfares of said city

and is heavily traveled at all times. That there was in full force and effect in said city an ordinance making it unlawful for any railroad company to cross any street or other public place within the limits of said city at a greater rate of speed than 15 miles per hour. We now set out parts of the complaint, as follows:

"That on the evening of January 18, 1937, the plaintiff left his home at 2448 Industrial Boulevard, Gary, Indiana, at about seven o'clock p. m. and walked to Virginia Street, and thence walked in a northerly direction on the west side of Virginia Street over and across the railroad tracks owned and operated by the defendant railroad company.

"As the plaintiff completed the crossing of said railroad tracks, a certain passenger train, owned and operated by the defendant company, approached the Virginia Street crossing in the City of Gary, Lake County, Indiana, from the east; and that, at the same time, a certain automobile approached said railroad crossing from the south, proceeding in a northerly direction on Virginia Street. That said passenger train, described aforesaid, in its approach to said crossing, was driven and operated within the corporate limits of the city of Gary in a careless, negligent and unlawful manner in the following respects, to-wit:

"1. That said train was operated over and upon said public highway crossing at the unlawful rate of speed of seventy (70) miles per hour.

"2. That the defendant railroad company, through its agents and employees, well knowing that said train was within the corporate limits of the city of Gary, Lake County, Indiana, and well knowing that said train was approaching a heavily traveled public highway in said city and would have to cross over said highways, nevertheless drove said train at the careless and negligent speed of seventy (70) miles per hour.

"That the automobile, being driven in a northerly direction on Virginia Street, attempted to pass over and upon the railroad tracks owned and maintained by the defendant railroad company; and that, at the time the automobile attempted to make said

crossing, the plaintiff was on the west side of Virginia Street at a point about eight feet north of the north rail of the north track in said crossing.

"That at that time, the defendant's train, driven in the careless, negligent and unlawful manner hereinbefore described, struck the automobile upon said crossing with such force and violence that said automobile was torn apart and almost completely demolished; and that certain large heavy parts of said automobile were thrown through the air into and upon the plaintiff, and the plaintiff was severely, painfully, and permanently injured in the following respects:"

We need not set out the details of the injuries or the allegations as to expenses involved in their treatment, it being sufficient to say that injuries of a substantial nature were alleged to have been caused by the accident leaving the appellant permanently injured and unable to perform his usual occupation as a millworker, at which occupation he was earning $190.00 per month at the time he was injured. We now quote again from the complaint, as follows:

"That the careless, negligent and unlawful operation of the train by the defendant, The Pennsylvania Railroad Company, as aforesaid at the time and in the manner hereinbefore described, proximately caused the injuries to the plaintiff as herein set out."

There was a prayer for $5,000.00 in damages.

We now quote from the appellant's brief as follows:

"The only error assigned is the overruling motion for new trial which assigned as cause for new trial; the giving of instruction No. 1 directing a verdict for defendant; that the verdict is contrary to law and not sustained by sufficient evidence. Only one question is presented by these causes, i. e., was the act of defendant the proximate cause of the plaintiff's injury, and all propositions and

authorities will be directed towards that one question, and will not be repeated."

The appellant, in support of his Propositions and Authorities, makes the point first that the railroad company was negligent in the operation of its train, in this, that the speed was in violation of the penal ordinance of the City of Gary, which limited the speed to 15 miles per hour at the place of the accident, and that the train under the undisputed evidence was going 70 miles per hour. This, the appellant contends, is negligence *per se,* and that it was also common-law negligence irrespective of the said ordinance to run its train across a heavily traveled street in the City of Gary at night at the rate of 70 miles per hour. The appellant's Point 2 is that the jury could have found that if the train had been traveling not to exceed 15 miles per hour, as provided in the ordinance, that the engineer could have had an opportunity to avoid the collision by being able to control the train and slow the train's speed, allowing the automobile to pass. Point 3, as contended by the appellant, is that proximate cause does not have to be the nearest or the first or the last cause but may be either, unless there is an intermediate independent agency which suspends the operation of the said cause or causes, and that the proximate cause may be that which sets another cause in motion without which the injury could not have happened. Point 4 made by the appellant is that the plaintiff's injury was a foreseeable consequence of the appellee's negligence, and Point 5 is that the negligence, if any, of the driver of the automobile was not an intervening cause of the injury, but at most a concurrent proximate cause, and that since the negligent act of the appellee continued to and after the time of the collision with the automobile, the act of the auto-

mobile driver did not intervene or supersede the negligent act of the appellee but at most it concurred with that act.

The undisputed evidence is that the crossing at which the accident occurred is protected by a flasher system which was working, and that the automatic bell on the engine was sounding, and that the crossing whistle required by law was duly sounded by the appellee.

The appellee points out that the motorist whose automobile was struck, and from the parts of which the appellant was hit, had a continuous unobstructed and unlimited view down the track in the direction from which the train was coming from a point 33 feet south of the track, and in addition thereto the headlight on the engine was burning, but in spite of these facts, the said motorist drove his automobile in front of the train at a speed of 40 miles per hour and did not slow down as he approached the crossing, but drove into the path of said train. The evidence further was that the members of the train crew saw no pedestrian at or near the crossing as the train approached it. There was no proof that there were pedestrians other than the plaintiff at or near the crossing at the time of the accident, or that pedestrians were accustomed to congregate near the crossing at that time of night. There was evidence also that during the period of several minutes after the accident, no pedestrian went over the crossing and only one automobile crossed it. The evidence further was that the automobile first came into view of the train crew when the train was only about 100 feet away from the crossing.

The controlling facts in this case are not in dispute, and it is the appellee's contention that these facts are of such character that but one reasonable inference can be drawn therefrom, and that the trial court drew the

correct inference and directed a verdict for the appellee. In support of the appellee's contention, it points out that the burden rests upon the appellant to prove not only that the appellee was guilty of negligence but also that such negligence was the proximate cause of his injury, and that "the mere fact that the accident would not have happened if the appellee had not violated the speed ordinance is not sufficient to make the negligent speed the proximate cause of the appellant's injury." It is the appellee's further contention that the evidence conclusively shows that the driver of the automobile involved in the collision was guilty of negligence as a matter of law in driving in front of the appellee's train, and that such act was a responsible independent intervening agency which constituted the proximate cause of appellant's injury, and that thereby the appellee's negligence in the said excessive speed of the train became a remote cause. The appellee further contends that the negligent speed of the appellee's train could not be held to be the proximate cause of the appellant's injury because such injury was unusual and extraordinary and contrary to common experience, and that the appellee could not reasonably be expected to foresee that a motorist would drive in front of its train under the circumstances shown by the evidence, and thereby produce an injury to a pedestrian on the highway 30 or 40 feet from the track and whose presence was unknown to the appellee.

The parties in this case do not disagree in the slightest as to the right and power of a trial court to direct a verdict for the defendant where there is no competent evidence nor any legitimate inferences that can be drawn from such evidence to sustain a verdict for the plaintiff if such a verdict were to be returned. Neither is there any dispute between the

parties as to the principle of law that a trial court should not direct a verdict for the defendant where there is any competent evidence or legitimate inferences that can be drawn from such evidence to sustain a verdict for the plaintiff. It is agreed by both sides that where the evidence is undisputed, and where there is but one legitimate inference that can be drawn from such evidence as to the proximate cause of an injury and that inference is adverse to the plaintiff, then the trial court not only has a right, but it is its duty to direct a verdict for the defendant.

The question presented for determination requires the application of the law to the facts of the case which, as heretofore stated, are not in dispute. This court and the Supreme Court of our State have had many cases involving the question of proximate cause. The most difficult complications arise where there is an original wrongful act and an intervening act of a third party such as we have in the instant case. An intervening independent agency sufficient to stop the line of causation may in reason and under the authorities be either a negligent act or a nonnegligent act, and we are not therefore in this case required to determine whether the evidence showed that the automobile driver was or was not negligent as a matter of law in driving his automobile in front of the appellee's train. See *Toledo, St. Louis & Kansas City Railroad Company* v. *Tapp* (1892), 6 Ind. App. 304, 33 N. E. 462; also *Sarber* v. *City of Indianapolis* (1920), 72 Ind. App. 594, 126 N. E. 330.

The appellee in its brief, in speaking of proximate cause, has this to say: "In the last analysis the determination of the question depends upon the facts in the particular class of cases involved and different tests are applied under different cir-

cumstances. The fundamental test under the doctrine, as determined by the decisions of this State, is the test of forseeability." We agree with the appellee that under our decisions the fundamental test is the test of forseeability. In the case of *Swanson* v. *Slagal, Administratrix* (1937), 212 Ind. 394, 413, 8 N. E. (2d) 993, the Supreme Court, after analyzing many of the Indiana cases, has this to say: "As stated above this court has utilized as a practical rule of legal cause the test of foreseeability. The result of the holding in the foregoing cases is that if the wrongful act of the defendant is a substantial factor in producing the injury complained of, and if the particular injury suffered by the plaintiff is one of a class which was reasonably forseeable at the time of the defendant's misconduct, then there is a causal relation in fact as well as a legal cause. It is the function of the jury to determine whether the defendant's act is a substantial factor in producing the injury of the plaintiff and whether such injury was reasonably forseeable at the time of the defendant's misconduct." Our conclusion is that the last quoted statement is applicable in the instant case, and that the trial court should have submitted to the jury the question as to whether or not the defendant's negligent act in the admitted excessive speed of its train was a substantial factor in producing the injury of the appellant, and should have submitted the further question to the jury as to whether or not such injury was reasonably forseeable at the time of the defendant's misconduct. This conclusion inevitably leads to a reversal of the judgment of the trial court. For cases which have been helpful, see the following: *Robinson, Admx.* v. *Standard Oil Co.* (1929), 89 Ind. App. 167, 166 N. E. 160; *Sarber* v. *City of Indianapolis* (1920), 72 Ind. App. 594, 126 N. E. 330; *Bessler* v. *Laughlin* (1907), 168 Ind. 38, 79

N. E. 1033; *Coy* v. *Indianapolis Gas Company* (1897), 146 Ind. 655, 46 N. E. 17; *Indianapolis Union R. Co.* v. *Waddington* (1907), 169 Ind. 448, 82 N. E. 1030; *Hadley* v. *Arms & Scott* (1925), 136 Wash. 632, 241 P. 26; *Engle, Admr.* v. *Director General of Railroads* (1922), 78 Ind. App. 547, 133 N. E. 138; *Alabama Power Co.* v. *Bass* (1929), 218 Ala. 586, 119 So. 625; *Shaffer* v. *Minneapolis, St. P. & S. S. M. R. Co.* (1914), 156 Wis. 485, 145 N. W. 1086; *Szabo* v. *Tabor Ice Cream Co.* (1930), 37 Ohio App. 42, 174 N. E. 18; *Miller* v. *Union Pacific R. Co.* (1933), 290 U. S. 227, 234, 78 L. Ed. 285. In the case of *Miller* v. *Union Pacific R. Co., supra,* the Supreme Court of the United States had before it a case where the plaintiff's decedent was riding in an automobile with her husband approaching a railroad crossing. The automobile was operated carelessly and negligently. The train approaching the crossing was likewise operated carelessly and negligently, and in violation of a city ordinance. The automobile was struck and the decedent killed. The question of proximate cause was disposed of by Justice Sutherland in that decision as follows:

> "But the argument is advanced that even though the railroad company be guilty of negligence and the wife be absolved from the charge of contributory negligence, nevertheless the railroad company is not liable, because, under the circumstances here disclosed, the proximate cause of the wife's death was not its negligence, but the negligence of the husband in driving upon the track in the face of the approaching train. The validity of this contention depends altogether upon whether the negligence of the husband constituted an intervening cause which had the effect of turning aside the course of events set in motion by the company, and in and of itself producing the actionable result. The evidence here does not present that situation. Instead of a remote cause and a separate intervening, self-sufficient, proximate cause we have here

concurrent acts cooperating to produce the result. As this Court pointed out in *Washington & Georgetown R. Co.* v. *Hickey,* 166 U. S. 521, 525, the vice of the argument consists in the attempt to split into two distinct causes (remote and proximate) what in reality is but one continuous cause—that is to say, an attempt to split two inseparable negligent acts which, uniting to produce the result, constituted mutually contributing acts of negligence on the part of the railroad company and the driver of the automobile.

"The negligence sought to be established against the railroad company was not only the failure to sound the whistle, but operation of the train at a rate of speed dangerous and unusual, and which necessarily would bring the train into the city at a speed far beyond the limit prescribed by the city ordinance. Assuming, upon these facts, that a finding by the jury that the train was negligently operated would be justified, such negligence continued without interruption down to the moment of the accident. The same is equally true in respect of the contributory negligence of the driver of the automobile. The result, therefore, is that the contributory negligence of the driver did not interrupt the sequence of events set in motion by the negligence of the railroad company or insulate them from the accident, but concurred therewith so as to constitute in point of time and in effect what was essentially one transaction."

It should also be pointed out that in the instant case the jury, if the matter had been submitted to it, might have concluded that the negligent act of the appellee continued up to and acted concurrently with the act of the driver of the automobile in causing the appellant's injury, and that the act of said automobile driver did not intervene and supersede and break the line of causation of the negligent act of the appellee, and further, that injury to pedestrians such as the appellant was, was reasonably foreseeable.

The engineer of the appellee's locomotive testified that the train was late and that they were trying to make it up; that the train was running at seventy miles per hour; that he had been on this run for ten months; that he observed the said Virginia street crossing as he had observed it before, and that quite often it appeared to him that a good many automobiles used the crossing but that at the other times he couldn't see them using the crossing.

Most courts concede that the common law does not lag behind but that it expands to keep pace with modern progress. It would certainly keep pace with the modern methods of travel by automobile. We think that under proper instructions the jury was entitled under all of the evidence introduced to reach its own conclusion as to whether or not it might reasonably be anticipated and foreseen that such a collision as we have in the instant case might occur and under proper instructions, to draw its own conclusion as to whether or not it might reasonably be anticipated and foreseen that if such collision did occur that flying parts of the demolished automobile might do injury to the traveling public as a class who might be rightfully within thirty or forty feet of the crossing.

The jury, if the matter had been submitted to it, might have concluded that both the automobile driver and the appellee were concurrently at fault and liable to the appellant in damages in which case the appellant could sue either or both.

Our conclusion is that the trial court was in error in giving the peremptory instruction and in overruling the appellant's motion for a new trial. The judgment is therefore reversed with instructions to sustain the

appellant's motion for new trial, and for further proceedings not inconsistent herewith.

NOTE.—Reported in 38 N. E. (2d) 263.